**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHAWN PERRY,

Plaintiff,

v. 3:26-cv-01035 (AMN/CBF)

BINGHAMTON POLICE DEPARTMENT, *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**SHAWN PERRY**
26-B-2035
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

## I. INTRODUCTION

On May 11, 2026, Plaintiff *pro se* Shawn Perry commenced this action and asserted claims of unlawful search and seizure and excessive force under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 ("Section 1983"). *See* Dkt. No. 1 ("Complaint"). Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

This matter was referred to United States Magistrate Judge Carla B. Freedman, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on July 21, 2026, granted Plaintiff's motion for leave to proceed IFP and recommended that Plaintiff's Complaint be dismissed without

prejudice and with leave to amend. *See* Dkt. No. 7 at 17 ("Report-Recommendation").[1] Magistrate Judge Freedman advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 18. No party has filed objections, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Liberally construed, Plaintiff asserts claims for unreasonable search and seizure and excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution against Defendants Binghamton Police Department, Captain Hendrickson, and Investigators Bracco, Burnett, and Ostanek in connection with various alleged searches of Plaintiff on September 30, 2024. *See generally* Dkt. No. 1.

First, Magistrate Judge Freedman recommended dismissing Plaintiff's unreasonable search and seizure claims and excessive force claims because they may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. No. 7 at 13-14 (citing, *inter alia*, *Lynch v. Cnty. of Herkimer*, No. 23-

cv-1454, 2024 WL 2804839, at *4 (N.D.N.Y. Feb. 14, 2024) (finding that plaintiff's claims were barred by *Heck* to the extent that they "could be construed as calling into question the validity of any conviction which has not been reversed, expunged, declared invalid, or called into question by a relevant authority"), *report and recommendation adopted*, 2024 WL 2804527 (N.D.N.Y. May 31, 2024)). Magistrate Judge Freedman noted that while the Complaint does not explicitly state that Plaintiff was arrested, charged with, or convicted of any violation of criminal law, it appears that Plaintiff may have been criminally charged and/or prosecuted in connection with the events as alleged in his Complaint, given that Plaintiff "(1) was transported to the Binghamton Police Department where the police officers removed a 'plastic bag of' unspecified 'contraband' from his 'rectum,' (2) indicated he was a pretrial detainee at the time of the events giving rise to his complaint, (3) was in custody at the Broome County Correctional Facility at the time of filing this action, and (4) is currently in the custody of New York State Department of Corrections and Community Supervision . . . at Elmira Correctional Facility on a conviction for Criminal Possession of a Controlled Substance in the Third Degree[.]" *Id.* at 12-13 (citing, *inter alia*, Dkt. No. 1 at 2, 5-7; Dkt. No. 6; *Incarcerated Lookup*, N.Y. State Dep't of Corr. and Comty. Supervision, https://nysdoccslookup.doccs.ny.gov/ (search by Department Identification Number 26B2035) (last visited July 21, 2026)).

Accordingly, Magistrate Judge Freedman concluded that any assessment of Plaintiff's excessive force claims in this case would be "inextricably enmeshed with [P]laintiff's underlying criminal conviction" and would "necessarily . . . [call] his conviction into question, implicating *Heck*." *Id.* at 13-14 (quoting *Bannister v. Perilli*, No. 24-cv-183, 2025 WL 1266657, at *7 (N.D.N.Y. May 1, 2025)). And with respect to Plaintiff's unreasonable search and seizure claims, Magistrate Judge Freedman found that a challenge to an alleged illegal search that resulted in a

criminal conviction would also be barred by *Heck*, because succeeding on such a claim "would necessarily invalidate that conviction." *Id.* at 14 (quoting *Kravitz v. City of Hudson*, No. 17-cv-1175, 2017 WL 6403075, at *2 (N.D.N.Y. Nov. 16, 2017), *report and recommendation adopted*, 2017 WL 6389715 (N.D.N.Y. Dec. 12, 2017)). Thus, Magistrate Judge Freedman recommended that Plaintiff's claims be dismissed without prejudice and with an opportunity to amend to specify any criminal charges brought against Plaintiff in connection with the September 30, 2024 events and whether any conviction or sentence that Plaintiff received has been "reversed, expunged, or otherwise declared invalid." *Id.* (quoting *Delaney v. City of Albany*, No. 18-cv-1193, 2019 WL 1486836, at *3 (N.D.N.Y. Apr. 4, 2019) (alterations omitted), *report and recommendation adopted*, 2019 WL 1922286 (N.D.N.Y. Apr. 30, 2019)).

Second, Magistrate Judge Freedman found that although the Complaint asserts that video footage was improperly not recorded, deleted, or destroyed, Plaintiff lacks any basis for that assertion and, moreover, does not tie it to any deprivation of a right guaranteed under the Constitution. *Id.* at 15. Specifically, Plaintiff claims that the relevant video footage from the interview room and body camera footage from the officers involved in the incident are allegedly "missing" or were "never submitted into evidence," despite being told that the cameras located in the hallway and interview room of the Binghamton Police Department were "turned on" at the time of the alleged constitutional violation. *Id.* (citing Dkt. No. 1 at 6, 9). Magistrate Judge Freedman concluded that Plaintiff failed to state a viable Section 1983 claim on the basis of a lack of video footage and recommended dismissing any such claim. *Id.* (citing, *inter alia*, *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) ("To state a valid claim under [Section] 1983, a plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color

of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.")).

Third, Magistrate Judge Freedman recommended dismissing any claims against the Binghamton Police Department because it is not an entity that is amenable to suit. *Id.* at 16. Specifically, Magistrate Judge Freedman explained that it is well-settled that an administrative arm of a municipality, such as a police department, is not an independent, suable entity because "it does not exist separate and apart from the municipality and does not have its own legal identity." *Id.* (quoting *Riley v. Taylor*, No. 19-cv-1451, 2019 WL 6829046, at *6 (N.D.N.Y. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 886128 (N.D.N.Y. Feb. 24, 2020) and citing *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (collecting cases)).

Lastly, to the extent that any claim against the Binghamton Police Department could be construed as a claim against the City of Binghamton, Magistrate Judge Freedman recommended dismissing such a claim. *Id.* at 16-17. Specifically, Magistrate Judge Freedman noted that the Complaint does not contain any allegation that the deprivation of Plaintiff's constitutional rights is attributable to any custom, policy, or usage of the City of Binghamton. *Id.* at 17 (citing Dkt. No. 1); *see also Adams v. City of Syracuse*, No. 21-cv-650 (AMN/MJK), 2025 WL 2772081, at *28 (N.D.N.Y. Sept. 29, 2025) (explaining that to hold a municipality "liable under [Section] 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right") (quoting *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020)) (additional citations omitted)). Thus, Magistrate Judge Freedman concluded that the Complaint fails to state a claim against the City of Binghamton. Dkt. No. 7 at 17 (citing *Gidea v. Owego Police Dep't*, No. 25-cv-103, 2025 WL 3640706, at *3 (N.D.N.Y. Dec. 16, 2025), *report and*

*recommendation adopted*, 2026 WL 1284242 (N.D.N.Y. May 11, 2026)).

Having reviewed the Report-Recommendation and considered Magistrate Judge Freedman's findings as to each claim, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Freedman for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 17, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge